1  PHILLIP A. TALBERT
   Acting United States Attorney
2  SHEA J. KENNY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA
10

11 UNITED STATES OF AMERICA,              CASE NO.  2:19-CR-00238 MCE

12                    Plaintiff,          **STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER**

13          v.

14 MAURICE SHOE,                          DATE: March 18, 2021
                                          TIME: 10:00 a.m.
15                    Defendant.          COURT: Hon. Morrison C. England, Jr.

16

17         This case is set for status on March 18, 2021.  On May 13, 2020, this Court issued General Order

18 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further,

19 pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174,

20 and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial

21 emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2,

22 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were

23 entered to address public health concerns related to COVID-19.

24         Although the General Orders and declarations of emergency address the district-wide health

25 concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26 "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27

28         [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2] If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  for the status.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

2  continuance must be "specifically limited in time").

3                                      **STIPULATION**

4          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6          1.      By previous order, this matter was set for status on March 18, 2021.

7          2.      By this stipulation, defendant now moves to continue the status conference until **June 3,**

8  **2021**, **at 10:00 a.m.**, and to exclude time between March 18, 2021, and June 3, 2021, under 18 U.S.C.

9  § 3161(h)(7)(A), B(iv) [Local Code T4].

10         3.      The parties agree and stipulate, and request that the Court find the following:

11                 a)      On December 14, 2020, the Court issued an order substituting Linda Allison as

12  counsel of record in place of the defendant's previous counsel.  ECF 25.

13                 b)      The government has re-produced the discovery in this case to the defendant's new

14  counsel.  The government has represented that the discovery associated with this case contains

15  approximately 24,303 pages of documents including financial records, business records, email

16  communications, and investigative reports.  All of this discovery has been either produced

17  directly to defendant's new counsel and/or made available for inspection and copying.

18                 c)      Counsel for defendant desires additional time to review this discovery and the

19  current charges; to conduct investigation and research related to the charges and potential

20  sentencing factors; to discuss the discovery, charges, and potential resolutions, including a plea

21  offer made by the government, with her client; and to otherwise prepare for trial.

22                 d)      Counsel for defendant believes that failure to grant the above-requested

23  continuance would deny her the reasonable time necessary for effective preparation, taking into

24  account the exercise of due diligence.

25                 e)      The government does not object to the continuance.

26                 f)      Based on the above-stated findings, the ends of justice served by continuing the

27  case as requested outweigh the interest of the public and the defendant in a trial within the

28  original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 18, 2021 to June 3, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  March 12, 2021                        PHILLIP A. TALBERT
                                              Acting United States Attorney


                                              /s/ SHEA J. KENNY
                                              SHEA J. KENNY
                                              Assistant United States Attorney


Dated:  March 12, 2021                        /s/ LINDA C. ALLISON
                                              LINDA C. ALLISON
                                              Counsel for Defendant
                                              MAURICE SHOE


**ORDER**

**IT IS SO ORDERED**.

Dated:  March 16, 2021

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4