UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>MAURICE SHOE,<br><br>        Defendant. | No. 2:19-cr-00238 WBS<br><br>ORDER |

----oo0oo----

The parties have filed a stipulated motion to reduce defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). (Docket No. 72.)  Pursuant to 18 U.S.C. § 3582(c)(2), this court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable.

1

The parties agree that at the time of sentencing, defendant's total offense level was 15, his criminal history category was I (having no criminal history points), and the resulting guideline range was 18 to 24 months. (Docket No. 72 ¶ 4.) The court ultimately sentenced defendant to 18 months, at the bottom of the Guidelines range. The parties also agree that under the Sentencing Commission's "zero-point provision", defendant's total offense level has since been reduced by 2 from 15 to 13, resulting in an amended Guidelines range of 12 to 18 months, and they jointly request that the court reduce defendant's sentence from 18 months to 12 months, a sentence that would be at the low end of the new Guidelines range.[1]

The court notes that a reduction of sentence under § 3582(c)(2) is not automatic -- the statute itself directs the court to take into account the policy statements set forth in U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a) in deciding whether to reduce a sentence. At the time of sentencing, the court was aware of, and took into account, the possible adoption of a zero-point amendment and defendant's lack of any prior criminal history at the time of sentencing, as they were addressed by defendant in his sentencing memorandum and the presentence report. (See Docket Nos. 62

---

[1] The parties alternatively requested a sentence of time served if the amount of time served as of February 1, 2024 exceeded 12 months. (Docket No. 72.) However, the parties now represent that as of January 30, 2024, defendant has only served 10 months and 17 days. (Docket No. 74.) They also note that without any reduction of the sentence the Bureau of Prisons currently projects that defendant will be released on February 10, 2024, because of good conduct time and FSA credits. (Docket No. 71, 74.)

(PSR); 63 (Def.'s Sentencing Memo.))  On the other hand, the court was also aware of, and took into account, multiple statements from victims which highlighted the devastating impact of defendant's crime.  (See Docket 62-2.)

The court continues to feel that the 18-month sentence it imposed is appropriate notwithstanding the fact that defendant's new Guidelines range is 12-18 months.[2]  Simply put, taking into account all of the § 3553(a) factors, including the seriousness of the offense, the impact on victims, and the need to provide a just punishment, the court does not believe a 12-month sentence would be sufficient.[3]

IT IS THEREFORE ORDERED that the parties' motion to reduce sentence (Docket No. 72) be, and the same hereby is, DENIED.

Dated:  January 30, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2]  The court notes the recently-filed statement of victim M.C., who opposes a sentence reduction.  (Docket No. 71-1.)

[3]  The court must confess that it is disheartened to learn that even without a reduction in sentence, defendant is projected to be released on February 10, 2024, having served less than 11 months of his 18-month sentence.  Thus, given the parties' agreement that any sentence reduction be effective February 1, 2024, defendant at most could only be released a maximum of nine days earlier by the granting of this motion.